# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

CASE NO.:

CARLOS CUESTA,

    Plaintiff,

v.

WONG'S INVESTMENT (U.S.A.), LLC
D/B/A GLENDALE CENTER and THE
ORIGINAL BEAVER POND, INC. D/B/A
DR. PROCTOR'S LOUNGE,

    Defendants.
_____/

## COMPLAINT

Plaintiff, CARLOS CUESTA, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues WONG'S INVESTMENT (U.S.A.), LLC D/B/A GLENDALE CENTER and THE ORIGINAL BEAVER POND, INC. D/B/A DR. PROCTOR'S LOUNGE, (hereinafter "Defendants"), and as grounds allege:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, who splits his time between Florida and Colorado, and is otherwise *sui juris.* Plaintiff, CARLOS CUESTA, is a member of the Not-for-Profit Corporation, ACCESS 4 ALL INCORPORATED.

5. At all times material, Defendant, WONG'S INVESTMENT (U.S.A.), LLC, was and is a Colorado Limited Liability Company, organized under the laws of the state of Colorado, with its principal place of business in Englewood, Colorado.

6. At all times material, Defendant, WONG'S INVESTMENT (U.S.A.), LLC, owned and operated a commercial shopping center located at 4201 E Mississippi Ave Denver, Colorado 80246 (hereinafter the "Commercial Property"). Defendant, WONG'S INVESTMENT (U.S.A.), LLC, holds itself out to the public as "Glendale Center."

7. At all times material, Defendant, THE ORIGINAL BEAVER POND, INC., was and is a Colorado Corporation, organized under the laws of the state of Colorado, with its principal place of business in Glendale, Colorado

8. At all times material, Defendant, THE ORIGINAL BEAVER POND, INC., owned and operated a commercial bar located at 4201 E Mississippi Ave Denver, Colorado 80246 (hereinafter the "Commercial Property"). Defendant, THE ORIGINAL BEAVER POND, INC., holds itself out to the public as "Dr. Proctor's" and "Dr. Proctor's Lounge."

9. Venue is properly located in the District of Colorado because Defendant's Commercial Property and place of public accommodation are located in Denver, Colorado, Defendants regularly conduct business within Denver, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Denver, Colorado.

## FACTUAL ALLEGATIONS

10. Although nearly thirty (30) years have passed since the effective date of Title III

of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

11. Congress provided commercial business one and a half years to implement the Act. The effective date was January 26, 1992. In spite of the abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the business therein.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, CARLOS CUESTA, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff is, among other things, a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching using the left side of his body. Plaintiff, CARLOS CUESTA, is also a member of the ACCESS 4 ALL INCORPORATED organization.

14. Defendants, WONG'S INVESTMENT (U.S.A.), LLC and THE ORIGINAL BEAVER POND, INC., own, operate and oversee the Commercial Property, its general parking lot and parking spots specific to the business therein, and they own, operate, and oversee said Commercial Property located in Denver, Colorado, that is the subject of the Action.

15. The subject Commercial Property is open to the public and is located in Denver, Colorado. The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about April 12, 2022 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial property and the business located

therein. He plans to return to the Commercial Property and the business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business becomes accessible.

16. Plaintiff visited the Commercial Property as a patron/customer, visits the Commercial Property and business within the Commercial Property as a patron/customer. He intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property. Plaintiff spends much of his time in and near Denver, Colorado, in the same state as the Commercial Property, has visited the Defendant's Commercial Property and the business located within the Commercial Property for the intended purposes, and intends to return to the property within three (3) months' time of the filing of the Complaint.

17. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

18. The Plaintiff, CARLOS CUESTA, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein. The barriers to access at Defendant's Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS CUESTA, and others similarly situated.

19. Plaintiff, CARLOS CUESTA, has also been discriminated against because of the Title III ADA violations on the Defendants' place of public accommodation.

20. Defendants, WONG'S INVESTMENT (U.S.A.), LLC and THE ORIGINAL

BEAVER POND, INC., each own and/or operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants own and/or operate is the Commercial Property business located at 4201 E Mississippi Ave Denver, Colorado 80246.

21. Plaintiff, CARLOS CUESTA, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in Counts I and II of the Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and the business located therein, not only to avail himself of the goods and services available at the Commercial Property, and business located within the Commercial Property, but to assure himself that the Commercial Property and business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

## COUNT I – ADA VIOLATIONS
## AS TO WONG'S INVESTMENT (U.S.A.), LLC

22. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 21 above as though fully set forth herein.

23. Defendant, WONG'S INVESTMENT (U.S.A.), LLC, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and

the business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

24.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and Defendant's business within the Commercial Property, include, but are not limited to, the following:

A. Parking and Exterior Accessible Route

   i. Accessible spaces (in parking area near Ming's Dynasty) lack compliant aisles, as they are 0" (< 60" wide) impeding Plaintiff from unloading and violating the ADAAG and ADAS Section 502.

   ii. Accessible spaces (in parking area near Ming's Dynasty) lack clear and level aisles, they have slopes or cross slope of > 4% (>2%) endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.

   iii. Accessible spaces (in or near south parking space) lack clear and level aisles, they have slopes or cross slope of 3.9% (>2%) endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.

   iv. Accessible spaces (south parking space) lack clear and level aisles, they have slopes or cross slope of 3.2% (>2%) endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.

   v. Accessible spaces (south access aisle) lack clear and level aisles, they have slopes or cross slope of 3.4% (>2%) endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.

vi. Parking spaces (north spaces) are not on the nearest, most direct accessible route from parking to access facility entrances, violating the ADAAG and ADAS Section 502. Preventing Plaintiff from safely accessing Glendale Center without restriction or assistance.

vii. Plaintiff was unable to find signs (in parking area near Ming's Dynasty) posted at sufficient heights of <60" AFF, required by ADAAG Section 4.6 and ADAS Section 502.

B. Entrance Access and Path of Travel

i. There is no compliant route from transit, sidewalk, and parking areas for Plaintiff to access Glendale Center which violates the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

ii. Ramp (in the center route) at Glendale Center is >6' in length and lacks compliant handrails or extensions violating Section 4.8 of the ADAAG and Section 405.8 of the 2010 ADAS.

**COUNT II – ADA VIOLATIONS
AS TO WONG'S INVESTMENT (U.S.A.),
LLC and THE ORIGINAL BEAVER POND, INC.**

25. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 21 above as though fully set forth herein.

26. Defendants, WONG'S INVESTMENT (U.S.A.), LLC and THE ORIGINAL BEAVER POND, INC., have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

27.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A. <u>Access to Goods and Services</u>

i. Table-top surface heights are >34" (28" min / 34" max), preventing use by Plaintiff, violating 2010 ADAS.

ii. Table knee and toe space is high (27" min) and deep (17" min), preventing use by Plaintiff.

B. <u>Stage</u>

i. Stage is inaccessible due to no ramp, violating Section 206 of the ADAS, preventing Plaintiff from access.

C. <u>Restrooms</u>

i. Sink knee clearance 25" AFF (27" min @ 8" deep) prevents Plaintiff from accessing sink, which violates ADAAG and 2010 ADAS Sec. 306.

ii. Plaintiff unable to use mirror due to bottom-reflecting surface (40" AFF max), violating the ADAAG and 2010 ADAS.

iii. Plaintiff cannot safely transfer to water closet at Glendale Center due to a lack of clear floor space in violation of Section 604 of the 2010 ADAS.

iv. Grab bars Rear grab bar not provided do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Plaintiff.

v. Grab bars and/or transfer space not provided in the stall, endangering Plaintiff, violating ADAAG Section 4.17.

vi. Toilet has improper centerline >19" from side wall; (16" to 18"), denying access to Plaintiff, violating the 2010 ADAS.

vii. Toilet flush valve not mounted on wide side, denying access to Plaintiff, violating the ADAAG and 2010 ADAS Sec. 604.

## RELIEF SOUGHT AND THE BASIS

28. The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS CUESTA, from further ingress, use, and equal enjoyment of the Defendant's Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

29. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The

individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

30.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

31.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

32.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly

situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

33. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

34. Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate its business, located within the Commercial Property located in Denver, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS CUESTA, respectfully requests that the Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or

Case 1:22-cv-02745-STV   Document 1   Filed 10/18/22   USDC Colorado   Page 12 of 12

accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: October 18, 2022

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, CO  80202
Telephone:  (303) 386-7208
Facsimile:   (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com
bvirues@lawgmp.com.

By: ___*/s/ Anthony J. Perez*
       ANTHONY J. PEREZ